UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ardalan Sadeghi-A,

        Plaintiff,

v.    **MEMORANDUM OPINION & ORDER**
Case No. 19-cv-2373 (MJD/ECW)

Daimler Trucks North America LLC
and Freightliner Custom Chassis
Corporation,

        Defendants.

Joseph S. Lawder, Lawder Law, PLLC, and Patrick R. Burns, Burns Law Firm PLLC, Counsel for Plaintiff.

Christine M. Mennen and David J. Warden, Nilan Johnson Lewis PA, Counsel for Defendants.

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Ardalan Sadeghi-A's Motion for Reconsideration of the Court's March 14, 2022 Summary Judgment Order, which granted in part and denied in part Defendants' Motion for Partial Summary Judgment.  (Doc. 117.)  For the reasons stated below, the Court will grant Plaintiff's Motion for Reconsideration.

## II.   BACKGROUND

1

### A.     Factual Background

The factual background of this case is described in more detail in the Court's prior order.  (See Doc. 111.)  Briefly, in August 2016, Plaintiff purchased a new luxury 2017 Newmar London Aire motorhome from Steinbring Motorcoach in Garfield, Minnesota.  (Doc. 52 ¶ 5; Doc. 97, Sadeghi-A Decl. ¶ 9; Doc. 90, Warden Decl., Ex. 5 (Sadeghi-A Dep.) at 58, 86.)  Defendants Daimler Trucks North America LLC and Freightliner Custom Chassis Corporation designed and manufactured the chassis and related components of the motorhome, including the axles.  (Doc. 52 ¶ 7.)  The motorhome has a passive steer tag axle, a non-driven, continuous weight-bearing axle that allows the motorhome to carry more weight but does not have direct steering input.  (Doc. 48 at 2 n.3.)

With Plaintiff's purchase of the motorhome, Defendants provided an express Warranty entitled New Vehicle Limited Warranty ("Warranty").  (Doc. 52, Ex. B (Warranty) at 19.)  Under the Warranty, Defendants "warrant[] that each new vehicle will be free from defects in material and workmanship that occur under normal use within the applicable warranty period."  (Id. (emphasis added).)  The Warranty obligated Defendants to repair or replace defective components.  (Id. at 21.)  It also provides that the "Basic Chassis" is warranted for a period of 3 years or 50,000 miles, whichever occurs first.  (Id. at 3.)

2

**B.      Procedural Background**

Plaintiff sued Defendants in July 2019, alleging ongoing defects with the tag axle on his motorhome. (Doc. 1.) On March 23, 2021, Plaintiff filed an Amended Complaint, asserting 7 causes of action. (Doc. 52.) Importantly for the present Motion, Plaintiff also alleged other defects in addition to the tag axle defect in his pleadings:

> Since delivery of the Motorcoach to Plaintiff, it has been the subject, not only of the problems caused by the USB tag axle defects, but several problems covered by warranty, the other Motorcoach defects.
>
> . . .
>
> The problems, conditions and/or defects experienced by Plaintiff include, but are not limited to, intermittent and unpredictable significant pulling to the left which increases the safety risk at higher rates of speed and is unrepairable by alignments; excessive vibration; premature, uneven and unsafe tire wear; dashboard lights intermittently failing and flickering; overheating of steering column switches; leg fuel display not functioning; marker lights and tail lights failing and not lighting in dark; failure of the radiator fan housing; drive axle air bag leaking; engine oil leaks; failure of traction control system; failure of fuel gauge sending unit; front windshield wiper freezing; dash air conditioning not working; and transmission communication faulty.

(Id. ¶ 44.)

On October 1, 2021, Defendants filed their Motion for Partial Summary Judgment. (Doc. 88.) Defendants moved for summary judgment on Count 7

3

(punitive damages), Counts 5 and 6 (fraud), and Counts 1 through 4 (warranty claims) but only to the extent Counts 1 through 4 were based on breaches of the express Warranty "premised on misalignment of the tag axle." (Doc. 89 at 9–10.)

On March 14, 2022, the Court granted Defendants' Motion for Partial Summary Judgment in part and denied it in part. (Doc. 111.) The Court dismissed Count 7, Counts 5 and 6 remained, and the Court dismissed Counts 1 through 4 "to the extent that they are based on the allegation that Defendants breached the express Warranty." (Id. at 37.) The Court did not limit its dismissal of Counts 1 through 4 to the tag axle defect. (Id.)

In dismissing this portion of Counts 1 through 4, the Court primarily relied on the distinction between "manufacturing defects," which are covered by the Warranty and "design defects," which are not covered by the Warranty. (Id. at 20.) The Court determined that the tag axle defect was a non-covered design defect. (Id. at 20–22.)

On June 1, 2022, Plaintiff filed a letter requesting permission to file a Motion for Reconsideration of the portion of the Court's March 14, 2022 Order relating to Counts 1 through 4. (Doc. 114.) The Court granted Plaintiff permission to file his Motion for Reconsideration on July 25, 2022. (Doc. 116.)

## III. DISCUSSION

### A. Motions for Reconsideration

A "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1070 (8th Cir. 1995) (citing Lovett v. General Motors Corp., 975 F.2d 518, 522 (8th Cir. 1992)). "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.1988)). "They are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." Id. "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015).

### B. The Court's Summary Judgment Order Should be Narrowed on Counts 1–4

The portion of the Court's March 14, 2022 Order concerning Counts 1 through 4 was overbroad. In their opening brief in support of their Motion for Partial Summary Judgment, Defendants focused exclusively on the tag axle

5

defect. (Doc. 89.) They argued they were "entitled to summary judgment on Plaintiff's express warranty claims premised on misalignment of the tag axle." (Id. at 9.) They entitled a section of their brief, "The Court Should Dismiss Plaintiff's Breach of Express Warranty Claims <u>as they Relate to Tag Axle Alignment</u>." (Id. at 10 (emphasis added).) Indeed, the parties hardly mentioned any other defects in their summary judgment briefing, which led the Court to wrongly state that the tag axle defect was the "sole" defect at issue in its Order. (Doc. 111 at 24.)

By focusing on the tag axle defect, Defendants could not have met their burden of demonstrating an absence of triable issues regarding other defects. As the Eighth Circuit has explained, the party seeking summary judgment always "bears the initial responsibility of informing the district court of the basis for its motion." <u>Richardson v. Omaha Sch. Dist.</u>, 957 F.3d 869, 877 (8th Cir. 2020) (citing <u>Celotex Corp. v. Cartrett</u>, 477 U.S. 317, 323 (1986)). Because Defendants did not submit evidence or argument related to non-tag axle defects in their opening brief, they could not have satisfied this "initial" burden. <u>Id.</u>

It is true that the parties made a few passing references to non-tag axle defects in their briefs. (<u>See, e.g.</u>, Doc. 93 at 9, 17; Doc. 99 at 8.) But the Court

6

finds that these references are not sufficient to demonstrate an absence of genuine disputes of material fact concerning Plaintiff's non-tag axle allegations.

Even if Defendants had addressed Plaintiff's non-tag axle allegations in their initial summary judgment motion, Defendants would not have been entitled to summary judgment on these allegations. To show a manufacturing defect, Plaintiff must establish that the product departs from its intended design, that it did so when it left a defendant's control, and that this defect proximately caused the plaintiff damages. Harrison ex rel. Harrison v. Harrison, 733 N.W.2d 451, 454 n.2 (Minn. 2007); Lee v. Crookston Coca-Cola Bottling Co., 188 N.W.2d 426, 432 (Minn. 1971). Viewing the evidence in the light most favorable to Plaintiff, as the Court must on summary judgment, Plaintiff has supplied enough evidence to create triable issues as to these elements. Johnson v. Blaukat, 453 F.3d 1108, 1113 (8th Cir. 2006).

Plaintiff's evidence includes the report of his technical expert, Dr. McElroy, who wrote in his report that a problem with the motorhome's electrical system persists despite repeated repair attempts. (Doc. 94, Lawder Decl., Ex. D118 at § C.) Plaintiff also submitted his own detailed summary judgment declaration in which he described the various repair attempts he has made related to these

electrical problems and attached supporting documentation. (Doc. 97 ¶¶ 27, 32–33, 37, 41–45, Ex. PP, Ex. DDD.) And, despite Defendants' claims to the contrary, Plaintiff did not testify in his deposition that these electrical problems had been resolved. (Doc. 100, Ex. 28 (Sadeghi-A Dep.) at 339–43.) Further, Defendants do not explain how these alleged electrical problems are design defects, as opposed to manufacturing defects, which is the basis on which Defendants prevailed on Counts 1 through 4 in the Court's prior Order. (Doc. 111 at 24.)

Admittedly, Plaintiff's evidence of non-tag axle defects appears to be thin. Plaintiff will still need to support each element of his claims for breach of the express Warranty based on non-tag axle defects with admissible evidence at trial, including properly disclosed expert testimony to the extent it is necessary to support these elements. But in light of the limited scope of Defendants' initial summary judgment motion and the evidence available to the Court at this time, it is clear that the Court's initial Order should be narrowed.

## ORDER

Based on the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 117) is **GRANTED** and the Court's March 14, 2022 Order on Defendants' Motion for Partial Summary Judgment (Doc. 111) is amended as follows:

1. Counts 1 through 4 of the Amended Complaint are only dismissed to the extent they rely on allegations that Defendants breached the express Warranty based on the tag axle defect; any additional, non-tag axle defect allegations related to Counts 1 through 4 are outside the scope of the Court's ruling;

2. The March 14, 2022 Order shall remain the same in all other respects.

Date: October 31, 2022                    s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court